UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NINA BERRY ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| VISION FINANCIAL CORP ) | JURY TRIAL DEMANDED |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Nina Berry, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1.     Plaintiff, Nina Berry, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II.     JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that Defendant maintains a principle place of business in this District.

III.    PARTIES

4.      Plaintiff, Nina Berry, is an adult natural person residing at 6330 Limekiln Pike, Philadelphia, PA 19138. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Vision Financial Corp, at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New York with a principal place of business located at 4 W Red Oak Lane, White Plains, NY 10604.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

IV.     FACTUAL ALLEGATIONS

7.      In or around May 2011, Plaintiff noticed that Defendant had reported an outstanding debt to her credit report.

8. Plaintiff placed a phone call to Defendant and made an initial payment of $50.00.

9. In May 2011, Plaintiff also scheduled a payment of $331.90, which served as the first of two identical payments that would constitute a settlement of the alleged debt.

10. The second payment totaling $331.90 was scheduled to be deducted on June 17, 2011.

11. Pursuant to the payment arrangement, Plaintiff received written notice of Defendant's intent to process her payment on June 17, 2011.

12. In the written notice, it clearly states that if there are any concerns regarding the arrangement then Plaintiff must contact Defendant at least one business day prior to the payment date.

13. As such, Plaintiff contacted Defendant on June 16 and informed them that she would be unable to make the next payment.

14. Defendant's agent asked Plaintiff, "So you're just not going to pay your debts?"

15. Defendant's agent then started to read off a list of her family members and informed Plaintiff that he would just contact them to "try and get the debt paid."

16. Plaintiff asked to speak with a supervisor, and when she was eventually transferred, Defendant's supervisor told Plaintiff that he would just contact her husband so he could pay it for her.

17. Plaintiff never received an initial 30-day notice from Defendant that stated their authority to collect on the alleged debt.

18.     Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

19.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20.     At all times pertinent hereto, Defendant were acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

22.     The above paragraphs are hereby incorporated herein by reference.

23.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d:     Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(2):    Profane language or other abusive language

§ 1692e:       Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(5):    Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:       Any unfair or unconscionable means to collect or attempt to collect the alleged debt

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in her favor and against Vision Financial Corp for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                                       **Respectfully submitted,**

                                                                       **WARREN & VULLINGS, LLP**

Date: July 13, 2011                          BY: /s/
                                                                       Bruce K. Warren, Esquire

                                                                       Warren & Vullings, LLP
                                                                       93 Old York Road, Suite 333
                                                                       Jenkintown, PA 19046
                                                                       215-745-9800   Fax 215-745-7880
                                                                       Attorneys for Plaintiff